■ BW LEASE CORP., Formerly Known as CLI LEASE CORP., as Assignee of ML INVESTORS SERVICES, INC., Respondent, v

I.S.I. CHEMICAL SUPPLY INC., et al., Appellants. [718 NYS2d 827] —Order, Supreme Court, New York County (Barry Cozier, J.), entered on or about October 26, 1999, which amended the order, same court and Justice, entered on or about May 20, 1999, granting plaintiff's motion for summary judgment to the extent of awarding partial summary judgment on liability due to I.S.I.'s nonpayment of rental fees, directing a hearing on the issue of damages, denying plaintiff's motion in all other respects, and denying defendant's cross motion for summary judgment in its entirety, to clarify that summary judgment was granted only against defendant I.S.I. Chemical Supply Inc. for the rental payments set forth in "Equipment Schedule No. 1," unanimously reversed, on the law, without costs, and summary judgment denied to all parties. Appeal from order entered May 20, 1999, unanimously dismissed, without costs, as superceded by the appeal from the order of October 26, 1999. Appeal from order, same court and Justice, entered October 29, 1999, which denied defendants' motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable paper.

The complaint in this matter, which alleges causes of action sounding in breach of contract, account stated, conversion and fraudulent inducement, arises from a purported agreement between plaintiff's assignor and defendants/lessees to lease vodka packaging equipment.

Both the pre-discovery motion and cross motion for summary judgment should have been denied in their entirety, since it appears that the true nature of the transaction between the parties to the lease, as well as material terms of their agreement, is not reflected in the record before us, which clearly requires further development. The competing factual allegations of the parties are particularly incongruous. Granting plaintiff partial summary judgment for rentals allegedly owed by defendants/lessees was error since triable issues of material fact were raised by defendant with regard to the exact nature of plaintiff's assignor's obligations under "Equipment Schedule No. 1" and whether it satisfied them. Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Wallach, JJ.